**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AGUSTIN GONZALEZ DE JESUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 25 C 13333 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| KRISTI NOEM, Secretary, U.S. Department | ) | |
| of Homeland Security; U.S. DEPARTMENT | ) | |
| OF HOMELAND SECURITY; SAMUEL | ) | |
| OLSON, Field Office Director, | ) | |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT; PAMELA BONDI, | ) | |
| U.S. Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The Court grants Petitioner's petition for writ of habeas corpus [1]. The Court orders Petitioner's immediate release. The Court further orders that if Respondents issue Petitioner a Notice to Appear for removal proceedings and subsequently provide Petitioner with a bond hearing, Respondents will have the burden to show by clear and convincing evidence that Petitioner poses a danger to the community or poses a risk of flight such that detention is necessary. The Court enjoins Respondents from denying Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him. See Statement.

## STATEMENT

Petitioner Agustin Gonzalez de Jesus, a Mexican citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 31, 2025, following his arrest and detention on October 30, 2025 by immigration officials in the Chicagoland area. Gonzalez has lived in the United States for over twenty-one years and currently resides in Chicago with his wife and four U.S. citizen children. Respondents have taken the position that Gonzalez is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i) as "applicants for admission." Gonzalez claims that he instead is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and that application of § 1225(b)(2)(A) to him constitutes unlawful detention, violates the Immigration and Nationality Act ("INA"), that Respondents have deprived him of due process by failing to provide him with a bond redetermination hearing, and that Respondents' position violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 553. Gonzalez asks the

Court to issue a writ declaring Respondents' detention of him under 8 U.S.C. § 1225(b)(2)(A) unlawful and ordering Respondents to release him.

At the time Gonzalez filed his petition, he was detained at the Broadview Detention Center in Broadview, Illinois. On October 31, the Court ordered that Respondents not remove Gonzalez from the jurisdiction of the United States and not transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 3. The Court held a hearing with the parties on November 4, 2025, at which it orally ordered the immediate release of Gonzalez. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Gonzalez's habeas claim because he challenges the lawfulness of his current detention, not the underlying merits of his immigration status or their arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Gonzalez only challenges his allegedly unlawful detention without a bond hearing and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents may argue that Gonzalez has not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Gonzalez to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the Board of Immigration Appeals ("BIA") would be futile given that Respondents maintain that Gonzalez is subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Gonzalez's argument that his detention is governed by § 1226, which provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those non-citizens already present in the United States may obtain a bond hearing before an immigration judge, at which the non-citizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. But, as the overwhelming majority of courts to consider this issue across the country have concluded, this interpretation "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also Loza Valencia*, 2025 WL 3042520, at *2–3; *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. The Court joins this majority and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to non-citizens who are already present in the country, such as Gonzalez. Given this, the Court finds that Gonzalez is not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to his detention, under which he is entitled to a bond hearing before an immigration judge.

The Court also finds that Gonzalez's detention violates due process. The Due Process Clause applies to non-citizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Gonzalez's detention, he is entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Gonzalez's continuing detention without such a bond hearing amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

Therefore, the Court finds it appropriate to grant Gonzalez's habeas petition. The Court orders Respondents to immediately release Gonzalez from custody. Should Respondents issue Petitioner with a Notice to Appear for removal proceedings, they must provide him with a bond hearing pursuant to § 1226(a). At that bond hearing, Respondents will have to show by clear and convincing evidence that Gonzalez poses a danger to the community or poses a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court also enjoins Respondents from denying Gonzalez bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.

Date:  November 4, 2025                              /s/___Sara L. Ellis_____